UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEWAN PURI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ALBERTO GONZALES, *et al.*,<br><br>　　　　　Respondents. | CASE NO. C05-1361-TSZ-MJB<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION AND SUMMARY CONCLUSION

On August 4, 2005, petitioner Dewan Puri filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. #1). Petitioner's primary allegation is that he has not been allowed to apply for a "Section 212(c) waiver" of deportability/inadmissability under former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c)(repealed 1996). Petitioner asks this Court: (1) to order respondents to compile and file a copy of petitioner's administrative record; (2) to order briefing and oral argument; (3) to order settlement meetings; (4) to order an evidentiary hearing; (5) to order that his present INS/DHS bond remain in force; and (6) to order that his removal be stayed *pendente lite*. (Dkt. #1 at 14).

On September 9, 2005, respondents filed a Motion to Dismiss petitioner's habeas petition for lack of subject matter jurisdiction. (Dkt. #7). Respondents argue that the habeas petition should

REPORT AND RECOMMENDATION
PAGE – 1

be denied and dismissed for mootness as petitioner has already received the substantive relief prayed for.  First, petitioner has been permitted to remain at liberty on bond pending consideration of his concurrent Petition for Review in the Ninth Circuit; and second, petitioner's request for stay of deportation was automatically granted upon the filing of his Petition for Review in accordance with the Ninth Circuit's General Order 6.4(c).  (Dkt. #7 at 3-4, Ex. F, G).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India.  On May 22, 1984, he was lawfully admitted into the United States as a Lawful Permanent Resident ("LPR").  He is married to a United States citizen, and they have two United States citizen children.

On November 18, 1996, petitioner was placed in deportation proceedings as a result of his convictions for child molestation and indecent liberties.  (Dkt. #7, Ex. A at 3).  An Immigration Judge ("IJ") ordered petitioner deported on January 15, 1997, and again on November 10, 1998.  *Id.*  On February 20, 2002, the Board of Immigration Appeals ("BIA") remanded the case to the IJ to allow petitioner to apply for a Section 212(c) waiver.  (Dkt. #1, Ex. B).

On October 15, 2002, the IJ granted petitioner's Section 212(c) waiver.  The former Immigration and Naturalization Service ("INS") appealed that decision to the BIA.  On June 10, 2004, the BIA issued an order sustaining the Government's appeal, reversing the IJ's grant of Section 212(c) relief, and reinstating petitioner's deportation order.  (Dkt. #7, Ex. C).

On June 25, 2004, petitioner filed his first habeas petition in this Court, challenging his order of deportation.  Puri v. Ashcroft, W.D. Wash., No. CV-04-1471-TSZ-MAT.  On November 9, 2004, the BIA remanded the deportation proceedings back to the IJ.  Accordingly, on November 17, 2004, the first habeas petitioner was dismissed for mootness on stipulation of the parties.  *Id.*,

REPORT AND RECOMMENDATION
PAGE – 2

Dkt. #17.

On remand, the IJ again ordered petitioner deported to India. Petitioner moved the IJ for reconsideration, and filed a new appeal to the BIA. On July 6, 2005, the BIA denied reconsideration and dismissed petitioner's appeal. (Dkt. #7, Ex. E).

On August 4, 2005, petitioner filed the instant "second" habeas petition in this Court. (Dkt. #1). On August 8, 2005, petitioner also filed a Petition for Review and Motion for Stay of Deportation with the Ninth Circuit Court of Appeals. (Dkt. #7, Ex. F).

## DISCUSSION

A.   *Jurisdictional Bar of Habeas Review of Deportation Orders*

On May 11, 2005, Congress passed The REAL ID Act of 2005, which retroactively eliminated district court habeas corpus jurisdiction over orders of removal and vested that jurisdiction exclusively in the courts of appeals. Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). 8 U.S.C. § 1252(a)(5), as amended by Section 106(a) of the REAL ID Act, provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

This statutory provision, as amended by the REAL ID Act, explicitly deprives district courts of jurisdiction to review an order of deportation entered under the Immigration and Nationality Act. *See* H.R. CONF. REP. NO. 109-72, at 175 (2005)("section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders."). Thus, to the extent that petitioner seeks review of the denial of his request for former Section 212(c) relief, the REAL ID Act bars this Court from exercising jurisdiction to entertain this action. *Id.*

REPORT AND RECOMMENDATION
PAGE – 3

B.     *Custody*

Petitioner argues that even if the REAL ID divests this Court of jurisdiction to address the merits of the BIA's decision, there is no question that this Court retains jurisdiction regarding the legality of his custody. (Dkt. #1 at 2). Respondents claim the issue of custody is moot because petitioner was released from custody on August 12, 2005, on $12,500 bond. (Dkt. #7, Ex. G). Respondents are correct.

The "case or controversy" requirement of Article III of the Constitution deprives the Court of jurisdiction to hear moot cases. *See, e.g., Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S. Ct. 373, 375, 78 L. Ed. 2d 58 (1983); *Picrin-Peron v. Rison,* 930 F.2d 773, 775-76 (9th Cir. 1991). The jurisdiction of federal courts is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988). A case becomes moot if the requested relief is obtained or no live controversy remains. *Id.*

In *Picrin-Peron*, the Ninth Circuit considered the habeas petition of an excludable Cuban alien who, during the pendency of his habeas proceedings, had been released from immigration custody. *Picrin-Peron*, 930 F.2d at 775-76. The Ninth Circuit found that due to the limited relief federal courts can grant under the writ of habeas corpus, there was no further relief the court could provide. *Id.* The Ninth Circuit then dismissed the action. *Id.* at 776.

Here, this case is clearly moot because the only relief the Court could grant – release from detention – has already been granted to petitioner. Should petitioner re-enter detention, his recourse would be to file a new habeas petition challenging his detention at that time. The mere possibility that the respondents may take action against petitioner in the future does not create a case of controversy because such a case is not ripe for adjudication.

Petitioner argues that although he was released from custody he remains in "constructive

REPORT AND RECOMMENDATION
PAGE – 4

custody" because he is subject to a final order of deportation. (Dkt. #8 at 2-3). This argument is without merit. As respondents point out, petitioner's purported challenge to his constructive custody is nothing more than a challenge to his deportation order. As discussed above, however, this Court can no longer consider petitioner's challenge to his deportation order in the context of habeas review, thus rendering irrelevant any consideration of whether petitioner is "in custody" under § 2241. The Court's jurisdiction does not turn on whether petitioner is in custody, but on whether his claim is of the type that is barred by the REAL ID Act. *Ahmad v. Chertoff*, 2005 WL 1799752, *2 (W.D. Wash. 2005).

C. *Suspension Clause*

Petitioner further argues that the REAL ID Act violates the Suspension Clause of the Constitution in that it strips the district courts of the power to hear and determine the facts, and to take evidence by hearing or otherwise. (Dkt. #8 at 5). Petitioner contends that transfer to the court of appeals is an inadequate substitution for habeas review because "only a trial court, in habeas, has the ability to inquire beyond the administrative record and, if necessary, hold hearings and take evidence, on the issue, for example, of whether, as the BIA claimed, [petitioner] has not shown sufficient rehabilitation to warrant 212(c) relief." (Dkt. #8 at 4).

The Suspension Clause provides: "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I, § 9, cl. 2. Congress may withdraw habeas jurisdiction from federal courts without violating the Suspension Clause if it "provide[s] an adequate substitute through the courts of appeals." *INS v. St. Cyr*, 533 U.S. 289, 314 n. 38, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001) (citing *Swain v. Pressley*, 430 U.S. 372, 381, 97 S. Ct. 1224, 51 L. Ed. 2d 411 (1977)("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of

REPORT AND RECOMMENDATION
PAGE – 5

a person's detention" does not violate the Suspension Clause). The Supreme Court has stated that a petition for review provides an adequate forum for testing the legality of removal orders. *St Cyr*, 533 U.S. at 314 n. 38.

Several courts have acknowledged, as petitioner argues, that §106(a) of the REAL ID Act may be inadequate because it requires aliens to file a petition for review, which, unlike a habeas petition, restricts the court to "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Consequently, section 106(a) effectively bars aliens from receiving an evidentiary hearing. *See Maiwand v. Ashcroft*, 2005 WL 2340466 (E.D.N.Y. 2005); *Enwonwu v. Chertoff*, 376 F. Supp. 2d 42, 85 (D. Mass. 2005); *Wahab v. U.S. Attny*, 373 F. Supp. 2d 524, 525 (E.D. Pa. 2005). Notwithstanding these concerns, the courts recognized that they lacked jurisdiction over such claims. *Id*. As the district court held in *Enwonwu*, "[t]he issue of whether Section 106 unconstitutionally restricts the writ of habeas corpus as a functional matter is one best addressed by the courts of appeal . . . Therefore, this Court has no choice but to transfer this case in accordance with the Congressional mandate." *Enwonwu*, 376 F. Supp. 2d at 85.

Here, petitioner has not shown that he could not obtain constitutionally adequate review of his claims through his pending petition for review with the Ninth Circuit Court of Appeals. *St. Cyr*, 533 U.S. at 314 n. 38. Accordingly, this Court lacks jurisdiction over plaintiff's claim that the REAL ID Act is unconstitutional.[1]

---

[1] With regard to petitioner's request for stay of deportation *pendente lite*, that motion has already been automatically granted by the Ninth Circuit and thus is moot. Finally, petitioner requests that this Court order respondents to file a copy of his administrative record. Because this Court does not have jurisdiction to review this case, the Court cannot grant petitioner's request to order respondents to file the administrative record with this Court. Petitioner may raise this issue at the Ninth Circuit Court of Appeals.

REPORT AND RECOMMENDATION
PAGE – 6

## CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss (Dkt. #7) be GRANTED, and that petitioner's habeas petition (Dkt. #1) be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of October, 2005.

*/s/ M.J. Benton*
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 7